NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1691
_____

CYNTHIA L. POLLICK,
Appellant

v.

SHERIFF MARK MCANDREW; CORPORAL KERRY MCHUGH;
CORPORAL BRENDA GOOSLEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-20-cv-02096)
District Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 15, 2023

Before: PORTER, FREEMAN and FISHER, *Circuit Judges*.

(Filed: July 27, 2023)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Cynthia Pollick sued Lackawanna County Sheriff Mark McAndrew, Corporal Kerry McHugh, and Deputy Brenda Goosley under 42 U.S.C. § 1983.[1] As relevant to this appeal, she alleged the Defendants violated her First Amendment right to access the courts by failing to timely serve process on her estranged husband in a state action. Pollick also alleged the delay in service amounted to retaliation in violation of the First Amendment—she had previously represented a client in a suit against McAndrew and refused to support his candidacy for sheriff. The District Court dismissed her complaint, concluding Pollick failed to state a claim, and even if she had, the Defendants were entitled to qualified immunity. We agree that Pollick failed to state a claim, so we will affirm without reaching qualified immunity.[2]

When evaluating a motion to dismiss for failure to state a claim, we (1) articulate the elements of the claim; (2) review the complaint, disregarding formulaic recitations of the elements, legal conclusions, and threadbare or speculative allegations; and (3) determine whether the well-pled allegations plausibly plead a claim by raising a reasonable expectation there will be evidence of all elements of the claim.[3]

Starting with Pollick's claim that her right to access the courts was violated under

---

[1] Pollick sued McAndrew in both his official and individual capacities. She sued McHugh and Goosley in their individual capacities.

[2] The District Court had jurisdiction under 28 U.S.C. § 1331 (federal question). This Court has jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts). We review de novo the grant of a motion to dismiss. *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).

[3] *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327–28 (3d Cir. 2022).

the First Amendment, she claims she was prevented from bringing a state court suit because the Defendants failed to effect service in that suit. Pollick must plead (1) a "nonfrivolous" or "arguable underlying claim"; and (2) no "remedy that may be awarded as recompense" other than in a denial of access suit.[4] The District Court found Pollick "lost" nothing, and, therefore, did not plead an actual injury. We agree. Pollick's state court suit is filed, and the lead defendant has been served.

Pollick fights this conclusion by arguing service was made on her estranged husband only after she initiated her § 1983 action. Thus, as she tells it, the Defendants actually injured her by preventing her from pursuing her state court suit until she caused them to effect service by suing them. However, Pollick wrongly assumes that when she filed her § 1983 complaint, the Defendants had already defaulted in serving her estranged husband. They had not.

In Pennsylvania, service must be made "within 30 days after the issuance of the writ or the filing of the complaint."[5] "A reissued, reinstated, or substituted writ or complaint shall be served within 30 days after reissuance, reinstatement, or substitution.[6] Pollick filed her first praecipe on August 25, 2020. On September 10, 2020, a Lackawanna County Sheriff's Office deputy filed a "Sheriff's Return" indicating that he

---

[4] *Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002).
[5] 231 Pa. Code § 401(a).
[6] 231 Pa. Code § 401(b)(4).

made four unsuccessful attempts at service over the prior week. App. 64-66.[7] On September 21, Pollick paid $17 to reissue her writ of summons, which restarted the thirty-day clock for service. Nine days later, on September 30, 2020, she amended the writ, thus extending the deadline to October 30, 2020. Pollick then commenced this suit against the Defendants by filing her original complaint on October 13, 2020. And on October 23, 2020, the Sheriff's Office successfully served Pollick's estranged husband with the writ of summons.

When Pollick initiated this action on October 13, 2020, the Defendants still had until October 30, 2020, to effect service. And we know the lead defendant was in fact served before the expiration of the thirty-day clock, on October 23, 2020.[8] Therefore, Pollick is not (and was never) prevented from pursuing her state court claim. Pollick is also wrong that she "showed an injury since she had to pay $17 to reissue a writ and should not have been forced to pay that amount because Appellees easily could have served the lead defendant but intentionally chose not to." Reply 7. The Defendants made four attempts at service prior to Pollick paying to reissue the writ. And upon its reissuance, they succeeded in serving her husband. Claiming the Defendants intentionally

---

[7] Pollick attached this form to her complaint in this lawsuit.

[8] In her reply, Pollick contends a second defendant, the adult child of her estranged husband, resided with him in Pennsylvania and should have been served at the same time. Reply 3–4. But Pollick waived this argument in her opening brief: "This case does not deal with the service of the alleged out-of-state children who told Appellees he would not accept service on their behalf." Appellant Br. 10 n.1.

4

chose not to effect service is precisely the sort of threadbare allegation courts disregard when evaluating a motion to dismiss.[9] Thus, Pollick has pleaded no injury.

As for Pollick's other First Amendment claim, she alleges that the Defendants failed to effect service to retaliate against her for having represented a plaintiff in a prior suit against one of the Defendants, McAndrew, and for her choice not to support him in his bid for Sheriff. To bring a retaliation claim, Pollick must plead: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his [or her] rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action."[10] The first requirement is satisfied insofar as Pollick has the First Amendment right to refrain from political associations,[11] but it is not clear if Pollick can claim First Amendment protection on her own behalf for representing a client.[12] As to the second requirement, Pollick alleges the Defendants refused to deliver the writ of summons and that alleged default in service was a retaliatory act, but, as explained above, the Defendants still had over two weeks to effect service when Pollick filed her § 1983 claim. So it was too early to say they refused to

---

[9] *Lutz,* 49 F.4th at 327–28.

[10] *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

[11] *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 76 (1990) (right to associate includes right to "not associate").

[12] *See e.g., Novoselsky v. Brown*, 822 F.3d 342, 355 (7th Cir. 2016) (right extends to the litigant, not his counsel); *Mezibov v. Allen*, 411 F.3d 712, 720–21 (6th Cir.2005) (no recognition of an attorney's First Amendment rights independent of his client's in the context of a judicial proceeding).

5

deliver the writ of summons, and thus, impossible for them to have committed the alleged retaliatory act. And even if time to serve had expired, it can hardly be said that the sheriff's delay in serving a party in one suit would deter a person of ordinary firmness from exercising her right of access to the courts or her right to associate apolitically.[13] Accordingly, Pollick failed to state a First Amendment retaliation claim.

For these reasons, we will affirm.

---

[13] Examples of plausibly alleged retaliation include a municipality imposing "unnecessary and onerous obligations" in a developer's agreement, *Eichenlaub v. Twp. of Ind.*, 385 F.3d 274, 277 (3d Cir. 2004); an employer suspending an employee for a Facebook post supporting political candidates, *DiMarco v. Borough of St. Clair*, 511 F. Supp. 3d 545, 551–52 (M.D. Pa. 2021); and a township unequally enforcing zoning regulations against a government contractor in response to the owner's speech at a city council meeting, *Simmermon v. Gabbianelli*, 865 F. Supp. 2d 589, 595–96 (D.N.J. 2012), amended, 932 F. Supp. 2d 626 (D.N.J. 2013).